UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS ANDERSON | |
| *Plaintiff,* | : CIVIL NO. 3:02CV728(RNC)(JGM) |
| | : |
| VS. | : |
| | : |
| JAMES HUCKABEY, ET AL. | : |
| *Defendants.* | : APRIL 7, 2004 |

## DEFENDANTS' LOCAL 56(a)1 STATEMENT

1). The allegations made in this lawsuit were previously raised in the matter Anderson v. Hucklebey, 3:01CV2134(RNC) which was part of a global settlement and dismissed with prejudice on or about January 29, 2002. Stipulation of Dismissal, Settlement Agreement, Release, Court Docket Sheet.

2) In an amended complaint filed on December 14, 2001, in matter 3:01CV2134, plaintiff alleged that on November 6, 2001, Captain Faneuff came to plaintiff's cell with correctional officers Jacksen and Ames. Complaint in 3:01CV2134(RNC) ("2134 Complaint") par. 1.

3) Plaintiff also alleged in the 2134 complaint that after plaintiff exchanged insults with Captain Faneuff, defendant Ames put handcuffs on plaintiff real tight. 2134 Complaint par. 2-3.

4) Plaintiff alleged in the 2134 complaint that on November 6, 2001, after plaintiff was moved into a new cell, Captain Faneuff punched plaintiff in the mouth and twice in the stomach. 2134 Complaint par 6.

5). In the 2134 complaint, plaintiff claimed that on or about November 10, 2001, Lt. Salius told plaintiff to back up from his cell door and then said "Yeah, that's a good boy, you know your place." 2134 Complaint par. 9.

6). Plaintiff also claimed in the 2134 complaint that on November 15, 2001, another inmate flooded the tier with urine and feces. 2134 Complaint par. 11.

7). In the 2134 complaint, plaintiff alleged that while being escorted to his shower on November 15, 2001, C/O Maia pushed plaintiff causing him to fall face first into urine and feces. 2134 Complaint par. 13.

8). The 2134 complaint also set forth plaintiff's allegation that on or about November 17, 2001, another inmate flooded the tier again and Lt. Salius ordered plaintiff to back up from his door to which plaintiff responded, "F- - - you." 2134 Complaint par. 17.

9). According to allegations made in the 2134 complaint, Lt. Salius came back 15 minutes later, with 9 other correctional officers who placed plaintiff on in cell restraints. 2134 Complaint par. 18.

10) Plaintiff alleged in the 2134 complaint that at this time, the handcuffs were tightened so that they broke the skin, and the tether chain was applied in such a fashion that plaintiff had to remain bent over. 2134 Complaint par. 20.

11). According to the plaintiff's allegations in the 2134 complaint, Nurse McSininati checked the handcuffs and said they were properly applied. 2134 Complaint par. 21.

12). Plaintiff complained in the 2134 matter that he told staff that he needed to use the bathroom and they told him that Lt. Salius would come to see him. 2134 Complaint par. 22.

12). Plaintiff alleged in the 2134 matter that Lt. Salius never came by and plaintiff was forced to defecate on himself. 2134 Complaint par. 23.

13). Plaintiff further alleged that he asked Lt. Loubier if he could get a shower, Lt. Loubier said no and 20 minutes later, Lt. Loubier came back with some correctional officers, one of whom was C/O Reardon who slammed plaintiff's face into the wall while the other correctional officers ripped the soiled jumpsuit off of him.  2134 Complaint par. 24.

14)  On or about January 14, 2002, plaintiff signed a stipulation of dismissal, agreeing to dismiss the claims set forth in the 2134 complaint with prejudice.  Stipulation of Dismissal.

15)  This dismissal was part of an overall settlement agreement under which plaintiff received a) $4,000 and the waiver of up to $200 of any restitution monies he owed to the State of Connecticut, b) a transfer to Garner Correctional Institution for evaluation and treatment  for as long as plaintiff i) continued to benefit from treatment and/or ii) did not assault staff, other inmates and/or destroy state property.  Settlement agreement and release attached hereto.

16)  In return, plaintiff signed a release stating,  that he released and forever discharged,

> The State of Connecticut, the State of Connecticut Department of Correction and its agents, officials or employees, . . . . .James Hucklebey, James Shea, Captain Faneuff, T. Murphy, Larry Myers, N. Hill, Major Lajoy, Lt. Salius, Lt. Loubier, Lt. Lloyd, McSerinati, C/O Moya, C/O Maia, C/O Reardon, C/O Ames, and C/O Jacksen and any and all defendants named by Francis Anderson in any action brought by Francis Anderson against the state of Connecticut, employees, agents, officials which is pending on this date. . . including but not limited to the following matters: . . . . Anderson v. Hucklebey, 3:01CV2134(RNC).

Release attached hereto.

17).   Plaintiff had counsel's assistance in negotiating the global settlement. Page 6 of the Settlement Agreement.

18).   The Court endorsed the settlement on or about January 29, 2002. Court Docket Sheet.

>                         DEFENDANTS,
>                         James Huckabey et al.
>
>                         RICHARD BLUMENTHAL
>                         ATTORNEY GENERAL
>
> BY:     __/s/_____
>                         Ann E. Lynch
>                         Assistant Attorney General
>                         Federal Bar No. ct08326
>                         110 Sherman Street
>                         Hartford, CT  06105
>                         Telephone No.:  (860) 808-5450
>                         Fax No. (860) 808-5591
>                         E-mail:  ann.lynch@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid this _____ day of April 2004, to:

John Williams, Esq.
Williams and Pattis
51 Elm Street
Suite 409
New Haven Ct 06510

___/s/_____
Ann E. Lynch
Assistant Attorney General