

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FRANCIS ANDERSON        :

VS.                     :         NO. 3:02CV728(RNC)

JAMES HUCKABEY, ET AL.  :         APRIL 24, 2004

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

This action was brought by the plaintiff, an inmate at the Northern Correctional Institution, *pro se*, in April of 2002. Its allegations of egregious misconduct by officials of the Connecticut Department of Correction survived a motion to dismiss since the allegations plainly set forth significant constitutional violations as to which the plaintiff had exhausted the administrative remedies available to him as required by the Prison Litigation Reform Act.

It now appears, from the materials submitted by the defendants in support of their motion for summary judgment, that just three months before he filed the instant action the plaintiff had, with the assistance of another attorney, entered into a written settlement agreement in which, in exchange for actual consideration, he released all of the named plaintiffs in this action from liability for their torts up to that date most of which were fully set forth in a large number

of other actions in this court which were thereupon dismissed as a part of that settlement agreement.

The defendants now, understandably, claim the benefit of that release and further assert the defense of *res judicata* since, as they argue, the factual and legal claims set forth in this action are a virtual carbon copy of those set forth in the plaintiff's earlier suits.

"Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

"It is well settled in this circuit that literal privity is not a requirement for res judicata to apply. ... Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir. 2000) (holding officers bound under res judicata by prior holding in similar suit brought by president of their union). Quoting Alpert's Newspaper Delivery, Inc. v. The New York Times Co., 876 F.2d 266, 270 (2d Cir. 1989). "Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the

formalities of legal relationships provide clues but not solutions." Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995). "[I]n determining whether two parties are in privity, courts often look to the commonality of their interest in the matter." Doe v. Urohealth Systems, Inc., 216 F.3d 157, 162 (1st Cir. 2000).

"[A] former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." Meehan v. Town of East Lyme, 919 F. Supp. 80, 83 (D. Conn. 1996), citing Connecticut law. Thus, the doctrine applied to bar a Title VII claim on behalf of a former employee who had settled an Equal Pay Act claim based on the same facts prior to receiving a right-to-sue letter from the EEOC. Wilkes v. Wyoming Dept. of Employment, 314 F.3d 501 (10th Cir. 2002). "For res judicata to apply, three elements must be present: 1) a final judgment on the merits; 2) identity of parties or privity with a party from the first litigation; and 3) the claims in the second transaction must arise from the same transaction as those that were or could have been litigated in the first action." Fink v. Magner, 988 F. Supp. 74, 78 (D. Conn. 1997), also citing Connecticut law. See also, e.g., Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 758 (6th Cir. 2003); Homola v. McNamara, 59 F.3d 647 (7th Cir. 1995); Davis v. City of Chicago, 53 F.3d 801

(7th Cir. 1995); Misischia v. Pirie, 60 F.3d 626 (9th Cir. 1995). "[R]es judicata does not bar subsequent litigation where the prior action could not have provided the relief the plaintiff seeks in the subsequent litigation." Vega v. University of New York, Board of Trustees, 67 F. Supp. 2d 324, 333 (S.D.N.Y. 1999) (stating New York law).

"[R]es judicata will not bar a suit based upon legally significant acts occurring after the filing of a prior suit that was itself based upon earlier acts." Waldman v. Village of Kiryas Joel, 207 F.3d 105, 113 (2d Cir. 2000). Citing SEC v. First Jersey Sec., 101 F.3d 1450, 1464 (2d Cir. 1996) (finding no res judicata bar to suit based on fraudulent acts that occurred after filing of prior suit, although acts were part of same pattern that formed basis of first suit). "Without a demonstration that the conduct complained of in the [second] action occurred prior to the initiation of the [first] action, res juicata is simply inapplicable." Computer Assoc. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997). See Flaherty v. Lang, 199 F.3d 607 (2d Cir. 1999), restating the rule but finding an exception where the plaintiff did move to amend his prior action to include the subsequent events an, instead of just denying the motion, the court conducted three hearings on it and made a finding that the plaintiff's rights had not been violated, thus creating a collateral estoppel bar. When the plaintiff moves to amend an earlier action to add additional pre-existing claims and that motion is denied, res judicata bars a second suit. However, when the plaintiff moves to

amend the earlier action to add an additional defendant against whom those pre-existing claims would be pursued, and the motion is denied, there is no res judicata bar because the new defendant was a joint tortfeasor with the earlier defendant and therefore they were not in privity with each other.  Northern Assurance Co. of America v. Square D Co., 201 F.3d 84 (2d Cir. 2000).

However, res judicata does bar claims previously litigated when the new claim is based upon newly discovered evidence, unless the plaintiff can prove that "the evidence was either fraudulently concealed or it could not have been discovered with due diligence."  L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc., 198 F.3d 85, 88 (2d Cir. 1999), quoting Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991).

Whether there is a settlement agreement is governed by the usual requirements for the existence of a contract.  Actual execution of settlement documents is not necessarily a prerequisite to a binding settlement agreement if there has been an offer and an acceptance.  Moore v. Beaufort County, 936 F.2d 159 (4th Cir. 1991); Hakim v. Payco-General American Credits, Inc., 272 F.3d 932 (7th Cir. 2001); Audubon Parking Associates Limited Partnership v. Barclay and Stubbs, Inc., 225 Conn. 804 (1993); White v. Branchini, 2 Conn. Ops. 335 (1996); Zauner v. Brewer, 7 Conn. L. Rptr. No. 9, 251 (1992).  "Summary enforcement of settlement agreements is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful

way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial....The essence of that right cannot be vindicated effectively after the trial has occurred." Audubon Parking Associates, *supra*, 225 Conn. at 812. If there is a dispute about whether a settlement has been reached, the court should afford the parties an opportunity to be heard on the issue at an evidentiary hearing. Campbell v. American Airlines, Inc., 818 F.2d 288 (2d Cir. 1987); Huertas v. East River Housing Corp., 813 F.2d 580 (2d Cir. 1987); Malave v. Carney Hospital, 170 F.3d 217 (1st Cir. 1999); Hensley v. Alcon Laboratories, Inc., 277 F.3d 535 (4th Cir. 2002). Any such disputes will be adjudicated under traditional principles of contract law. Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481 (2d Cir. 1999); Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 415 (1st Cir. 1998).

It is not possible to make a good faith argument against the evidence and law submitted by the defendants in support of their motion.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Ann E. Lynch, Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.

JOHN R. WILLIAMS